**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **No. 1:22-cr-20** |
| | ) | |
| **SHEHERYAR KAMRAN,** | ) | |
| | ) | **Hon. Michael S. Nachmanoff** |
| **Defendant.** | ) | |

## CONSENT MOTION TO MODIFY BOND CONDITION

Defendant Sheheryar Kamran, through counsel, hereby respectfully moves this Court to modify his conditions of release to permit him limited access to a cellular phone and email so that, at a minimum, he may participate in the preparation of his own defense. The defense has consulted with the Pretrial Office and government counsel; neither opposes the modification proposed in this Motion. The specific language, set forth below, was suggested by the Pretrial Office. *See* Para. 8 *infra.*

In further support of this Motion, the defense states:

1.     Following his indictment in this case, Mr. Kamran turned himself in and made his initial appearance on February 22, 2022, at which point the Court appointed counsel.

2.     The government did not seek detention. However, the Court did impose certain standard and special conditions of bond, including that Mr. Kamran "refrain from access to a computer or any internet capable devices." Dkt. No. 11, at 3 (*see* condition (u)). It is this condition, condition (u), that the defense now moves to modify.

3.     Mr. Kamran resides with his mother and father.   There is no land line in the family home.   As a result, communication with Mr. Kamran must occur by calling his father's cell phone or by sending an email.   The cellphone has internet capability, as most cellular phones now do.   Indeed, in 2022, the term "internet capable" is extremely broad; many standard home appliances— even refrigerators and washing machines—now may be internet-capable.

4.     Prohibiting Mr. Kamran from accessing any internet capable device substantially interferes with his ability to participate in his own defense.   The condition bars Mr. Kamran from using any phone in his home and, therefore, would bar him from speaking by phone with his attorney.   Additionally, the condition bars Mr. Kamran from accessing his email to send or receive documents from counsel or engage in discussions in written form.   (Though U.S. mail remains an option, its usefulness is limited by the amount of time such communication would take.)

5.     Further, barring *any* access to internet-capable devices impedes Mr. Kamran's ability to participate in life in the 21st century.   He cannot look for or apply for most jobs without using the internet—most employers now direct applicants to a website.   He cannot attend community college classes, which he had planned to do beginning in April, as those classes are held online.

6.     The Bail Reform Act presumes that a defendant shall be released pending trial in a case like this one and that the Court should impose the least restrictive measures necessary to ensure the defendant's appearance and the safety of the community.   *See generally* 18 U.S.C. § 3142 (stating that a person "*shall . . .*

be released" unless certain exceptions apply, and that even when those exceptions apply, release with "the least restrictive further condition" is presumptive in most cases).

7.      Multiple courts, including the Fourth Circuit, have held that a total bar on internet access is too draconian when other available alternatives exist. *See, e.g.*, *United States v. Ellis*, 984 F.3d 1092, 1104 (4th Cir. 2021) (noting that "[g]iven the breadth of [outright ban on defendant's internet access], and the vast liberty it deprives, it will rarely be the 'least restrictive alternative'" in finding condition too broad). *See also, e.g.*, *United States v. Albertson*, 645 F.3d 191, 197-99 (3d Cir. 2011) (overturning ban on internet access as overbroad condition of supervised release after noting that "a complete ban on the use of a computer and internet will rarely be sufficiently tailored to the § 3553(a) factors"); *United States v. Holm*, 326 F.3d 872, 877-78 (7th Cir. 2003) ("[A] strict ban on *all* Internet use . . . renders modern life—in which, for example, the government strongly encourages taxpayers to file their returns electronically, where more and more commerce is conducted on-line, and where vast amounts of government information are communicated via website— exceptionally difficult."); *United States v. Sofsky*, 287 F.3d 122, 126 (2d Cir. 2002) (holding, *in 2002*, that prohibiting supervisee from accessing computer or internet, though reasonably related to nature of offense, "inflicts a greater deprivation on [defendant's] liberty than is reasonably necessary" after noting ubiquity of computers to communications and information gathering).   Notably, the prohibition in this case sweeps quite a bit more broadly than a ban on internet access alone, excluding Mr.

Kamran from using any internet-capable device whether or not he does so with the intent of accessing the internet.

8. And yet, there are available alternatives that can give the Court assurances that Mr. Kamran is abiding by the conditions of his bond and refraining from problematic conduct. The Pretrial Office has provided the following proposed language, which would ensure that Mr. Kamran is abiding by his conditions while also permitting him reasonable access to the internet-capable devices that are ubiquitous in daily life in 2022:

> The defendant shall not access a computer, phone and/or internet unless computer monitoring program has been installed by the probation office. The defendant shall consent to the installation of computer monitoring software on any computer/phone to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record information, internet use history, email correspondence, and chat conversations. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software.

Undersigned counsel has conferred with the Pretrial Office during the preparation of this Motion, and the Pretrial Office has indicated that it would not oppose modifying Mr. Kamran's bond condition (u) to conform to this proposed language. Government counsel also has consented to the proposed modification.

9. To be clear, the defense is not seeking unfettered internet access for Mr. Kamran, but rather an adjustment of the provision to permit Mr. Kamran to communicate with his attorney and assist in his defense, as well as to participate in a limited and regulated way in the ordinary activities of daily life. Mr. Kamran

recognizes that he faces the possibility of arrest and detention if he violates the conditions of his release. Combining the above-proposed modification with the possibility of very serious sanctions in the event of non-compliance should provide this Court with the assurance that it can amend Mr. Kamran's condition (u) without sacrificing the intent of the bond condition as originally worded.

10. Lastly, the Pretrial Office has suggested that the modification include additional language requiring Mr. Kamran to pay for the computer monitoring software: "The cost of the monitoring will be paid by the defendant." The defense understands that the monitoring cost is $30 for installation and $30 a month.

11. However, Mr. Kamran is indigent and unemployed—and may face difficulty finding gainful employment given the charges he is facing. His father, with whom he resides and who is his third-party custodian, relies on disability income due to a medical condition. For these reasons, the defense respectfully asks this Court to waive the monitoring fee for Mr. Kamran. Should Mr. Kamran's financial circumstances improve, of course, this Court could adjust Mr. Kamran's obligation at that time.

\*      \*      \*

For the foregoing reasons, the defense respectively moves this Court to amend condition (u) of Mr. Kamran's bond conditions to permit use of internet-capable devices so long as they are equipped with monitoring software and to waive the cost of such monitoring. A proposed order is attached.

Dated: March 4, 2022

Respectfully submitted,

SHEHERYAR KAMRAN,
By Counsel

Geremy C. Kamens
Federal Public Defender

/s/ Cadence Mertz
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0840 (T)
(703) 600-0880 (F)
Cadence_Mertz@fd.org